# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ameer A. Hashw, on behalf of himself and
others similarly situated,

|                     |                                        |
|---------------------|----------------------------------------|
| Plaintiff,          | Civ. No. 13-727 (RHK/JJK)              |
|                     | **MEMORANDUM OPINION**                 |
|                     | **AND ORDER**                          |
| v.                  |                                        |
|                     |                                        |
| Department Stores National Bank and |                        |
| FDS Bank,           |                                        |
|                     |                                        |
| Defendants.         |                                        |

Mark L. Heaney, Heaney Law Firm, LLC, Minnetonka, Minnesota, Alexander H. Burke,
Burke Law Offices, LLC, Chicago, Illinois, for Plaintiff.

Amy L. Schwartz, Lapp, Libra, Thomson, Stoebner & Pusch, Minneapolis, Minnesota,
Martin C. Bryce, Jr., Mark J. Furletti, Ballard Spahr LLP, Philadelphia, Pennsylvania, for
Defendants.

## INTRODUCTION

In this action, Plaintiff Ameer Hashw alleges that he received calls on his cellular

phone from Defendants Department Stores National Bank ("DSNB") and FDS Bank

("FDS") without his consent. He alleges that these calls were made using an automatic

telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection

Act, 47 U.S.C. § 227(b) ("TCPA"). Defendants now move to dismiss. For the reasons

that follow, their Motion will be denied.

# BACKGROUND

Hashw opened a Macy's credit card through DSNB in 2006. (Am. Compl. ¶ 9.)

He fell behind on his payments and, between December 2010 and February 2011, DSNB

and/or FDS[1] called his cellular phone 112 times using an ATDS. (Id. ¶¶ 10-11, Ex. A.)

He did not consent to Defendants contacting his cellular phone, and he alleges his

number was obtained from a credit bureau or a "skip trace" service. (Id. ¶¶ 15-16.) He

further alleges that Defendants' calls were made to collect a debt or for telemarketing

purposes. (Id. ¶ 13.)

On March 29, 2013, Hashw commenced this action on his own behalf and on

behalf of others similarly situated, asserting that the calls violated the TCPA. After

Hashw amended his Complaint, Defendants filed the instant Motion to Dismiss. Their

Motion has been fully briefed and is ripe for disposition.

# STANDARD OF DECISION

The Supreme Court set forth the standard for evaluating a motion to dismiss in

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S.

662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." Twombly, 550 U.S. at 547. A "formulaic recitation

of the elements of a cause of action" will not suffice. Id. at 555. "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer

---

[1] In its Answer (Doc. No. 13) to Hashw's initial Complaint, DSNB asserted, without explanation, that FDS is a proper Defendant. Hashw then added FDS as a Defendant in his Amended Complaint, although he does not know FDS's connection to the case. (Am. Compl. ¶ 9.)

possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. Twombly, 550 U.S. at 554-56. A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote and unlikely. Id. "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

## I.      The timeliness of Hashw's Opposition

At the outset, the Court pauses to address a procedural matter. Defendants argue that Hashw's Opposition brief was untimely, contending it was due 21 days after their opening brief – that is, on or before October 24, 2013 – "[u]nder Local Rule 7.1(c)(2)." (Reply at 4.) As a result of his (purported) dilatoriness, they argue (1) his brief "should be disregarded" and/or (2) this case should be dismissed with prejudice. (Id. at 1, 5.)

- 3 -

But Defendants are flat wrong; Hashw's brief was *not* untimely.  Defendants have overlooked that the undersigned *does not follow Local Rule 7.1(c) with regard to dispositive Motions*, as made clear from the very outset of this case.  (See Doc. No. 4 (setting forth the undersigned's dispositive motion procedures "[n]otwithstanding the provisions of Local Rules 7.1(c)-(d)").)  And per the undersigned's procedures, Hashw's brief was due to be filed no later than October 29, 2013, 21 days before the original hearing date.  (See id. ¶¶ 3, 5.)  His Opposition was, in fact, filed on that date and, hence, was not dilatory.

But in any event, the Court finds Defendants' requests overzealous (to put it kindly).  Deadlines are sometimes missed; accidents happen.  There is no history of delaying conduct in this case, nor any obvious hint of abusiveness.  Moreover, even under Defendants' (incorrect) reckoning, Hashw's brief was only five days late, and the Court perceives no prejudice to Defendants.  The "ultimate sanction" of dismissal with prejudice would be wholly improper under these circumstances.  See, e.g., DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013) (noting that dismissal with prejudice "is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff") (citation omitted).

## II.    Automatic Telephone Dialing System

The TCPA prohibits calls to a person's cellular phone using an ATDS.  47 U.S.C. §227(b).  Defendants argue that Hashw has pleaded only in conclusory fashion that an ATDS was used to make the calls to his cellular phone here, citing several cases dismissed because specific details about the use of an automatic dialer were absent from

the complaint.  (See Def. Mem. at 8 (citing Clayton v. Aaron's Inc., No. 3:13-cv-219, 2013 WL 3148174, at *3 (E.D. Va. June 19, 2013) (dismissed for failure to allege specific facts such as content, number, timing of calls); Freidman v. Massage Envy Franchising, LLC, No. 3:12-cv-2962, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (dismissed for failure to plead specific facts); and Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (requiring details supporting the use of ATDS)).)

Yet, the Federal Rules of Civil Procedure require a plaintiff only to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  This is not as demanding a standard as Defendants suggest.  Indeed, the forms appended to the Federal Rules indicate that a negligence plaintiff need plead nothing more than the "bare" fact the defendant acted negligently. See Fed. R. Civ. P. App., Form 11 ("On date, at place, the defendant negligently drove a motor vehicle against the plaintiff."); see also Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010) (allegation that plaintiff was "employed" by defendant sufficient, without further facts, to establish employment relationship at motion-to-dismiss stage).

Here, Hashw has pleaded that an ATDS was used to make the calls to his cellular phone.  (Am. Compl. ¶¶ 11, 12.)  As the Court must accept that allegation as true at this juncture, nothing more is required to state a claim for relief under the TCPA.

But even if this allegation fell short, there are sufficient additional facts pleaded in the Amended Complaint from which the use of an ATDS can be inferred. Courts have relied upon a variety of facts to support allegations of ATDS use. In <u>Clayton</u>, for example, the court suggested that the number of calls and their timing may imply ATDS use. 2013 WL 3148174, at *3; <u>see also, e.g.</u>, <u>Torres v. Nat'l Enter. Sys., Inc.</u>, 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (allegations of an automated voice sufficient to establish ATDS); <u>Knutson v. Reply!, Inc.</u>, No. 10cv1267, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011) (silence on the line when displayed number was called back supported ATDS use). Here, Hashw has alleged (1) he received 112 calls over a relatively short period of time from the same telephone number and (2) the calls related to his debt and/or telemarketing. In the Court's view, these allegations are sufficient, at the pleading stage, to draw the inference that an ATDS was used.[2]

## III.    Willful Conduct

When a defendant has willfully violated the TCPA, enhanced damages are available. 47 U.S.C. § 227(b)(3). Hashw alleges here that Defendants acted willfully but does not buttress that allegation with facts. As a result, Defendants argue that his request for enhanced damages should be dismissed. The Court disagrees.

Defendants argue that in order to plead willfulness, Hashw must allege facts suggesting Defendants knew or had reason to know their conduct violated the TCPA.

---

[2] Furthermore, without discovery, it would be nearly impossible for a plaintiff to gather sufficient information to allege with specificity the type of dialer used by a defendant. <u>See</u> <u>Torres</u>, 2012 WL 3245520, at *3 (requiring too much detail at the pleading stage would render defendants "virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA").

(Def. Mem. at 10 (citing cases).)  Some courts, however, have held that "knowledge of the law is unnecessary" and that a plaintiff must only plead the defendant "willfully . . . *ma[de] the ATDS calls*."  Stewart v. Regent Asset Mgmt. Solutions, Inc., No. 1:10-cv-2552, 2011 WL 1766018, at *6-7 (N.D. Ga. May 4, 2011) (emphasis added) (Report & Recommendation of King, M.J.), adopted, No. 1:10-cv-2552, slip op. at 1 (N.D. Ga. May 31, 2011); accord, e.g., Bridgeview Health Care Ctr. Ltd. v. Clark, No. 09 C 5601, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013) ("[T]he Court adopts the more common interpretation that 'willfully' . . . simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute.").  The undersigned agrees with this reasoning.

Regardless, Defendants' TCPA cases were at significantly more advanced procedural postures than this action.  See, e.g., Adamcik v. Credit Control Servs., Inc., 832 F. Supp. 2d 744, 753-54 (W.D. Tex. 2011) (willfulness determination following jury trial); Texas v. Am. Blastfax, Inc., 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001) (willfulness determination following bench trial).  At this early juncture, Hashw may allege willfulness *generally*, see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); Svoboda v. Tri-Con Indus., Ltd., No. 4:08CV3124, 2008 WL 4754647, at *2 (D. Neb. Oct. 27, 2008) (allegation that defendant's conduct was willful held sufficient at the pleading stage), and he has done so here (see Am. Compl. ¶ 21).

# CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that Defendants' Motion to Dismiss (Doc. No. 42) is **DENIED**.

Dated:  November 25, 2013                              s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge